### Mrs. Lizzie Grevils v. Robert Smith et al.

#### Decided April 30, 1902.

**1.—Fraudulent Conveyance.**

A transfer of property in trust for the wife and children of the assignor and not supported by a consideration is void as in fraud of creditors.

**2.—Same—Consideration—Wife's Separate Property.**

A wife having borrowed money to pay taxes on her separate property, "loaned" it to her husband for the same purpose and he paid the taxes; this constituted no debt of the husband to the wife which could support a transfer of his property for her benefit, otherwise voluntary, as against the claim of his creditor; the money borrowed by her was community, not her separate property; and if her separate estate, his indebtedness to her for it was canceled by his using it to pay her taxes.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*W. T. Henry* and *Leslie Waggener,* for appellant.

*F. D. Crosby,* for appellees.

KEY, Associate Justice.—This case hinges upon the validity of an assignment made by William Koch transferring a claim for rent to Mrs. Lizzie Grevils, in trust for the benefit of Koch's wife and children. The plaintiff sought to reach the claim for rent and have it applied to his judgment against Koch, by writ of garnishment. The garnishee, the Dallas brewery, impleaded Mrs. Grevils, and she claimed the fund referred to under the assignment of Koch. That assignment was attacked as fraudulent, and the court below sustained that contention and Mrs. Grevils has appealed.

Koch and his wife testified that Mrs. Koch borrowed $1000 from her sister, Mrs. Grevils, to pay taxes due upon Mrs. Koch's separate property; that Mrs. Koch loaned the $1000 to Mr. Koch, and he paid the

taxes referred to therewith, and handed Mrs. Koch the tax receipts. On this testimony the trial court held that it was not shown that Koch was indebted to his wife, and that the assignment referred to was without consideration, fraudulent, and void.

This holding was correct. The money borrowed by Mrs. Koch was not her separate property. Hirshfeld v. Howard, 1 Texas Ct. Rep., 77, and cases there cited. Besides, if Mrs. Koch loaned her husband $1000 belonging to her separate estate and he applied it to the payment of taxes which constituted a charge against her separate estate, then the latter estate became indebted to Koch, or rather, to the community estate for said amount, and the latter indebtedness would offset the former, and leave nothing owing to the separate estate of Mrs. Koch.

After considering all the questions presented in appellant's brief, our conclusion is that the judgment should be affirmed, and it is so ordered.

*Affirmed.*